Matter of Chinese Christ Gospel Church v OATH (2026 NY Slip Op 01058)

Matter of Chinese Christ Gospel Church v OATH

2026 NY Slip Op 01058

Decided on February 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
PHILLIP HOM, JJ.

2024-04564
 (Index No. 713626/23)

[*1]In the Matter of Chinese Christ Gospel Church, appellant,
vOATH, respondent.

Walsh Markus McDougal & DeBellis, LLP, Garden City, NY (Matthew G. White of counsel), for appellant.
Steven Banks, Corporation Counsel, New York, NY (Rebecca L. Visgaitis and Diana Lawless of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review eight determinations of the New York City Office of Administrative Trials and Hearings, each dated March 13, 2023, each of which, inter alia, denied a motion of the petitioner to vacate its default in responding to a summons issued by the New York City Department of Buildings, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Frederick D.R. Sampson, J.), entered February 14, 2024. The order and judgment, insofar as appealed from, denied the petition and dismissed the proceeding.
ORDERED that the order and judgment is affirmed insofar as appealed from, with costs.
On June 14, 2021, the New York City Department of Buildings issued eight summonses to the petitioner, the owner of a building located in Queens, alleging, inter alia, that the petitioner violated section 28-210.1 of the Administrative Code of the City of New York by converting the first floor and the cellar of the building into single-room occupancy units. Each of the summonses directed the petitioner to appear at a hearing before the New York City Office of Administrative Trials and Hearings (hereinafter OATH) on September 7, 2021. The petitioner failed to appear for the scheduled hearings, and OATH issued determinations dated September 14, 2021, in which a hearing officer, upon the petitioner's default, found violations of the Administrative Code and imposed penalties. In October 2021, the petitioner moved to vacate its defaults. Thereafter, OATH vacated the petitioner's defaults and rescheduled the hearings to March 1, 2022.
On March 1, 2022, the hearing officer adjourned the hearing with respect to only one summons (hereinafter summons 04Y) to June 7, 2022. OATH then issued determinations, one as to each of the remaining seven summonses, finding that the petitioner was in default, finding that the petitioner violated the Administrative Code, and imposing penalties. On June 7, 2022, the petitioner failed to appear for the scheduled hearing with respect to summons 04Y. OATH issued a determination, which, upon the petitioner's default in appearing at the hearing on June 7, 2022, with respect to summons 04Y, found that the petitioner violated the Administrative Code and [*2]imposed penalties.
In March 2023, the petitioner made separate motions before OATH to vacate each of its defaults. In eight determinations, each dated March 13, 2023, OATH found that the petitioner did not establish an exceptional circumstance for the failure to appear, denied the petitioner's motions to vacate its defaults, and affirmed the determinations finding violations of the Administrative Code and imposing penalties. In June 2023, the petitioner commenced this proceeding pursuant to CPLR article 78 to review the determinations dated March 13, 2023. In an order and judgment entered February 14, 2024, the Supreme Court, inter alia, denied the petition and dismissed the proceeding. The petitioner appeals.
Pursuant to 48 RCNY 6-21(e)(1), a party who defaults twice on the same summons is not eligible to request a new hearing. "Notwithstanding the forgoing, upon application, the Chief Administrative Law Judge or his or her designee may grant a new hearing after default upon a showing of exceptional circumstances and in order to avoid injustice" (id. § 6-21[e][2]). A denial of a request to vacate a default is a final agency determination subject to judicial review under CPLR article 78 (see 48 RCNY § 6-21[j]). "'In a CPLR article 78 proceeding to review a determination of an administrative agency, the standard of judicial review is whether the determination was made in violation of lawful procedure, was affected by an error of law, or was arbitrary and capricious or an abuse of discretion'" (Matter of Wythe Berry, LLC v New York State Dept. of Envtl. Conservation, 188 AD3d 1225, 1228, quoting Matter of Sierra Club v Martens, 158 AD3d 169, 174; see CPLR 7803[3]).
Here, the petitioner defaulted twice on the same summonses and failed to establish exceptional circumstances warranting vacatur of its defaults (see 48 RCNY 6-21[e][2]). Therefore, OATH's determinations denying the petitioner's motions to vacate its defaults in appearing at the hearings on March 1, 2022, and June 7, 2022, did not constitute an abuse of discretion and were not arbitrary and capricious (see CPLR 7803[3]; Matter of Windermere Props., LLC v City of New York, 231 AD3d 461, 462).
The petitioner's remaining contentions are not properly before this Court.
Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding.
DILLON, J.P., CHRISTOPHER, WAN and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court